UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SHAUN PATRICK STEWART,**

    **Plaintiff,**

v.   Case No: 5:24-cv-337-WFJ-PRL

**RON DESANTIS, STATE OF FLORIDA, ANDREW SIGLER, DANIEL SNOW, ORANGE COUNTY PUBLIC DEFENDER and SARASOTA PUBLIC DEFENDER,**

    **Defendants.**

## ORDER

Plaintiff, a pretrial detainee at the Sumter County Jail, is proceeding pro se on a Civil Rights Complaint docketed on July 1, 2024. (Doc. 1). On July 8, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all his prior federal cases, as required on the complaint form. (Doc. 4). Plaintiff filed a response and requests that he be permitted to amend his complaint. (Doc. 5).

The complaint form asked whether Plaintiff had brought an action or appeal in a court of the United States that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted and to disclose

all other lawsuits he filed in state or federal court. (Doc. 1 at 39–41). Plaintiff answered no to all questions. (*Id.*)

The Court identified the following cases brought by the Plaintiff prior to filing the instant action: *Stewart v. State of Fla.*, No. 5:22-cv-623-WWB-PRL (M.D. Fla.) (dismissed Dec. 8, 2022); *Stewart v. Sumter Cnty. Det. Ctr.*, No. 5:23-cv-00292-SPC-PRL (M.D. Fla.) (dismissed June 8, 2023); *Stewart v. State of Fla.*, No. 5:23-cv-350-JLB-PRL (M.D. Fla.) (dismissed June 20, 2023); *Stewart v. Ried*, No. 5:23-cv-607-SPC-PRL (M.D. Fla.) (dismissed April 11, 2024).[1]

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, knowledge of a prisoner's prior litigation history is required for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources.

---

[1] In addition to the instant action, Plaintiff initiated five other civil rights actions on July 1, 2024: *Stewart v. State of Fla.*, No. 5:24-cv-334-JSS-PRL (M.D. Fla.); *Stewart v. Sumter Cnty.*, No. 5:24-cv-335-PGB-PRL (M.D. Fla.); *Stewart v. State of Fla.*, No. 5:24-cv-00338-MSS-PRL (M.D. Fla.); *Stewart v. Sumter Cnty., Fla.*, No. 5:24-cv-341-JLB-PRL (M.D. Fla.); *Stewart v. Sumter Cnty., Fla.*, No. 5:24-cv-342-WFJ-PRL (M.D. Fla.). The Court's Order to Show cause was filed in all six cases, as was Plaintiff's response thereto. (Docs. 4, 5).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011). In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id.* at 226. The Court determined that dismissal was an appropriate sanction. *Id.*

Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

In his response to the Order to Show Cause, Plaintiff states his "intent wasn't to provide incorrect information[.]" (Doc. 5 at 1). Plaintiff claims he initially completed his complaint forms prior to filing the aforementioned cases, but prison staff prevented him from filing the complaints. (*Id.* at 1–2). In addition to the impediment

from prison staff, Plaintiff states he had to trade food for supplies in order to submit his complaints. (*Id.* at 2). He further states that jail staff seized his court records, so he could not provide the case number for his 2022 case, and he never re-filed that case. (*Id.*) He adds that it was not until being transferred to a new facility that he was able to make copies to submit the instant case. (*Id.*) Plaintiff contends, "I'm asking for mercy, [and] for these cases to not be dismissed. The data I provided was outdated, [versus] maliciously false." (*Id.*)

The Court has considered Plaintiff's reasoning but determines that Plaintiff has failed to truthfully disclose his prior cases as required by the plain language instructions of the form. By his own admission, Plaintiff was aware of his prior cases but claims he did not know the case numbers. (*Id.* at 2). Instead of stating that he had filed previous cases but did not know the case information, Plaintiff stated he had filed no prior cases, which was not accurate. (Doc. 1 at 39–41). Additionally, Plaintiff signed the complaint form on March 5, 2024, after the four prior cases were filed. (*Id.* at 42). Therefore, his contention that these complaints were "built going on years ago" is not well taken. (Doc. 5 at 3). The failure to exercise candor in completing the form impedes the Court in managing its caseload and merits the sanction of dismissal. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (finding that "the district court was entitled to dismiss [plaintiff's] complaint based on his failure to fully disclose his litigation history," and noting that the district court reasoned that requiring prisoners to disclose prior lawsuits is important to enable courts to apply the "three strike rule" and dispose of successive cases that relitigate old matters).

Plaintiff has failed to present any persuasive reason to excuse his lack of candor, especially when considering his extensive litigation history in the year prior to initiating the instant action. The Court finds that Plaintiff's failure to fully disclose his previous lawsuits constitutes an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 215 (2007). An appropriate sanction for such abuse of the judicial process is the dismissal of the Complaint. Having carefully reviewed the docket in this case and in the cases previously filed by Plaintiff, along with all filings, the Court declines to permit Plaintiff to now file an amended complaint. If Plaintiff intends to bring these claims, he must bring a new action, under a different case number.

It is within the Court's discretion to order that this dismissal be considered a strike for purposes of 28 U.S.C. § 1915(g). *See, e.g.*, *Rivera*, 144 F.3d at 731 ([D]ismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).") (citation omitted). However, having considered Plaintiff's response and recognizing that he filed six actions at the same time with similar defects, the Court declines to impose such a severe sanction in this case. But Plaintiff is cautioned that the Court will not tolerate Plaintiff's further abuse of the judicial process and he will be subject to sanctions if he does so. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (noting Rule 11 sanctions are proper when, among other things, a party files a pleading in bad faith or for an improper purpose).

Accordingly, this case is hereby **DISMISSED without prejudice**. The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file. The Clerk is further directed to send Plaintiff a Civil Rights Complaint form.

**DONE AND ORDERED** in Tampa, Florida on August 16, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Unrepresented Party